UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No: 1:00-CR-70-001 |
| v. ) | |
| ) | |
| DEWAYNE ERVIN ) | Chief Judge Curtis L. Collier |

## **MEMORANDUM**

The Court has before it the Motion to Reduce Sentence (Court File No. 204) of Defendant Dewayne Ervin ("Defendant"). Defendant asks the Court to give retroactive effect to amendments 706, 711, and 715 of the United States Sentencing Guidelines ("USSG" or "Guidelines") and reduce his life sentence. After considering the request, the amendments, and Defendant's history and background, the Court will **GRANT** Defendant's motion.

### I. BACKGROUND

#### A. Procedural History

Defendant acting *pro se* filed his motion for a reduction of sentence on October 20, 2008. (Court File No. 204). On October 21, 2009, Anthony Martinez, Assistant Federal Defender, made an appearance on behalf of Defendant. (Court File No. 209). Mr. Martinez on that same date filed a brief in support of Defendant's motion (Court File No. 208). In two orders on May 18, 2010 and June 21, 2010, the Court directed the Government to file a response to Defendant's motion (Court File Nos. 212 and 213). On June 23, 2010, the Government filed its response (Court File No. 214).

#### B. Factual History

Defendant is serving a life sentence imposed by this Court. Following a jury trial, Defendant was convicted on four counts: 1) conspiracy to distribute 5 kilograms or more of cocaine

hydrochloride and at least 50 grams of cocaine base (Count One); 2) distribution of at least 50 grams of cocaine base (Count Two); distribution of at least 500 grams of cocaine hydrochloride (Count Three); and possession of a firearm after being convicted of an offense involving domestic violence (Count Six) (Court File No. 142).

Defendant's sentence was calculated pursuant to the 2000 version of the Guidelines. A Pre-sentence Investigation Report ("PSR") was prepared by the Probation Office. The Court determined Defendant was responsible for 2.6 kilograms of crack cocaine and 6.3 kilograms of cocaine hydrochloride, for a combined marijuana equivalent of 52,281.64 kilograms, yielding a base offense level of 38 (PSR at ¶¶ 20, 22). Defendant received a two-level enhancement for the firearm possession and a four-level enhancement for his role in the conspiracy, yielding a total offense level of 44 on the drug counts (*id.* at ¶¶ 23, 25, 27, 28-35, 39).

Because Defendant's criminal history category was calculated to be a IV, the Guidelines sentence was life imprisonment. Defendant's sentence was imposed prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which invalidated the mandatory nature of the Guidelines and held them to be advisory only. Therefore, under the then existing understanding of the Guidelines, the Court was required to impose the mandatory life sentence.

## II. ANALYSIS

### A. Amendment 715 Applies to Defendant

A district court may only modify a defendant's sentence as permitted by statute. *United States v. Perdue*, 572 F.3d 288, 290 (6th Cir. 2009) ( "[a] district court may modify a defendant's sentence only as provided by statute."); *see also United States v. Ross*, 243 F.3d 577, 586 (6th Cir. 2001); *Dillon v. United States*, ___ S.Ct. ___, No. 09-6338, 2010 WL 2400109 (June 17, 2010).

Congress has provided a district court may reduce a defendant's sentence, consistent with the Guidelines policy statements, when a change in the Guidelines affects the calculation of the applicable sentencing range. 18 U.S.C. § 3582(c)(2). Congress has also directed the United States Sentencing Commission to establish the parameters within which a defendant's sentence may be reduced pursuant to such a change. "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 944(u).

On May 1, 2008, Amendment 715 to the Guidelines became effective, which reduced the base offense level in cases that involved cocaine base ("crack") and other substances. Pursuant to § 944(u) and USSG § 1B1.10, the Commission authorized district courts to lower prisoners' sentences accordingly. In applicable cases Amendment 715 instructs district courts to reduce the Defendant's total offense level by two levels.

There is no dispute Amendment 715 applies in this case. Thus, applying the two-level reduction, Defendant's original total offense level of 44 is amended to a total offense level of 42. Because Defendant's criminal history category of VI remains unchanged, Defendant's new Guideline range is 360 months to life.

In his memorandum in support of his motion, Defendant argues the Court should consider whether a sentence below this Guideline range should be applied in this case. Defendant notes the Guidelines are no longer mandatory and argues a sentence of even 360 months is "greater than necessary" to serve the objectives of sentencing as set forth in 18 U.S.C. § 3553(a).

In *Dillon v. United States*, the United States Supreme Court recently rejected this argument. *See* 2010 WL 2400109, at *6. In *Dillon* the Supreme Court addressed a defendant whose pre-*Booker*

original sentence was under the then-mandatory Guidelines. *Id.* By the time the defendant filed a motion for retroactive application of Amendment 715, however, the Guidelines had been held advisory. *Id.* Just as Defendant argues here, the defendant in *Dillon* argued the district court could consider a below-Guidelines sentence, pursuant to § 3553(a), when determining an appropriate sentence through the reduction order under § 3582(c)(2). The Supreme Court rejected this notion. The Supreme Court reasoned "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at *6.

Accordingly, the Supreme Court set forth a two-step inquiry to be used under § 3582(c)(2). First, the district court determines whether a reduction under § 3582(c)(2) is authorized. *Id.* at *7. If it is authorized, the district court then determines whether, in its discretion, the reduction is warranted in whole or in part based upon the factors under § 3553(a). *Id.* In doing so, the district court is not permitted to sentence the defendant below the amended Guideline range or revisit any issues related to that defendant's sentence other than those implicated by the Guidelines amendment. *Id.*

In this case, there is no dispute a sentence reduction under § 3582(c)(2) is authorized. Thus, the Court's remaining duty is to determine whether the factors under § 3553(a) warrant granting a reduction order in Defendant's case. If the Court determines a reduction is appropriate, the Court's discretion is limited by a minimum of 360 months and a maximum of life imprisonment. *See Dillon*, 2010 WL 24000109, at *7.

**B. Defendant is Entitled to a Sentence Reduction**

Section 3553(a) sets forth the factors the Court must consider in determining whether to grant a reduction order. The court is instructed to analyze these factors in light of "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1).

4

The factors themselves include:

> the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

§ 3553(a)(2).

Defendant is currently serving this sentence for his involvement in a major drug conspiracy. At trial, evidence was presented which indicated Defendant played a leadership role in this conspiracy. The evidence at trial also indicated Defendant had been involved in the drug trade for over two years. In addition, according to the Government, "[g]iven the drug quantities involved, at the time of his arrest [Defendant] was one of the largest cocaine powder and crack distributors in the Chattanooga, Tennessee, area." (Court File No. 214 at 6). Defendant was also convicted of possessing a firearm, which when combined with his drug trafficking posed a significant risk of violence.

Defendant, however, was only 25 years old when he was sentenced by this Court to life imprisonment. Though Defendant had some prior criminal history indicating involvement in drug trafficking, Defendant had never served a significant period of incarceration prior to this case. In addition, his prior drug criminal history was limited to only two convictions for possession of crack cocaine, both of which arose from separate traffic stops that occurred only two weeks apart when Defendant was only 20 years old.

Comparing Defendant's criminal activity with his youth and limited criminal history, the

Court concludes a sentence of life imprisonment is "greater than necessary" under § 3553(a). In this conclusion, the Government seems to agree:

> [T]he minimum sentence the Court can impose is 360 months which is still a significant sentence. . . . If the Court were to impose a sentence of less than life, given the defendant's age, there is a possibility that he could be released from prison. This might provide some motivation for the defendant to develop his educational and vocational skills.

(Court File No. 214 at 7).

The Court agrees with this observation. Though Defendant's criminal activity was severe, a sentence of less than life is sufficient to represent the seriousness of his conduct, to deter others from committing similar offenses, and to protect the public from Defendant until he can be rehabilitated. *See* § 3553(a)(2)(A)–(C). Likewise, a sentence of less than life will provide Defendant with an opportunity to receive the substance abuse treatment and educational and vocational training he will now need, since he will no longer spend the remainder of his life in prison.

### C. Defendant's Sentence

Now that the Court has determined a sentence reduction is appropriate, the Court must determine the appropriate sentence applying the § 3553(a) factors. The Court would have liked to had the parties thoughts and guidance on what they considered an appropriate sentence. However, neither provided the Court with assistance in this determination. Defendant in his motion merely states "[t]he Court, if the defendant is correct, could resentence to a lesser penalty as this Court deems fit and fair." (Court File No. 204 at 4). Mr. Martinez in his brief states "Mr. Ervin requests that the Court consider what sentence it would impose upon the defendant at this time as the lower guideline range to Counts One and Two of 360 months to Life may influence the Court's decision with regard to the sentences imposed on Counts Three and Six." (Court File No. 208 at 2). The

6

Government stated it "defers to the Court's discretionary consideration of the defendant's motion within the clearly-delineated limits set by 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10." (Court File No. 214 at 9).

The range within which Defendant must be sentenced is 360 months to life. Defendant's present age is approximately 34 and his life expectancy is approximately 70 years. He has served approximately nine years of his sentence thus far. So a sentence of 360 months would mean he would serve approximately 21 more years, not taking into account credit for good time. Assuming no good time he would be released from prison at approximately age 55 years of age. A sentence of 540 months, i.e., 45 years, with the same assumptions would have him serve out the remainder of his expected life in prison.

Having no assistance from the parties regarding the appropriate sentence, the Court will turn to the relevant § 3553(a) factors. First the sentence should be no greater than necessary. Second the Court must consider the sentencing purposes of retribution, deterrence, incapacitation, and rehabilitation. Last, the Court must consider whether the sentence it selects would amount to an unwarranted sentence disparity.

Given that the longer the sentence the greater the retributive, deterrent, and incapacitating effect, the Court concludes that those purposes can be achieved by a sentence of less than life, which is in effect less than 540 months. The same is true with rehabilitation. Assuming Defendant is in need of rehabilitation and is amenable to rehabilitation, such can be obtained with a sentence of less than life.

The Court finds the need to avoid unwarranted sentence disparity to be the most instructive consideration. The Court's sentence cannot amount to an unwarranted sentence disparity. Here the Court must compare the sentence with those of other defendants convicted of the same crime.

Defendant's new guideline range is driven for the most part because of the drug quantity. A defendant with no prior convictions would be exposed to the same guideline range. Defendant's prior convictions placed him in criminal history category IV. Thus a defendant with no prior convictions with the same drug quantity would fall within the 360 month to life range. The Court concludes the bottom of that range, i.e., 360 months, should be the sentence for those defendants with no prior criminal history. It would be an unwarranted sentence disparity to sentence a defendant whose prior record places him in criminal history category IV to the same sentence.

To take into account Defendant's prior record and to avoid unwarranted sentence disparity, the Court finds a sentence of 420 months to be the appropriate sentence. Lower down the Guidelines table one sees about a seven to ten year spread between criminal history I and criminal history IV. The Court discounts Defendant's criminal history somewhat because the offenses took place in close proximity to each other and occurred when he was twenty years of age. However, the Court notes he has not been without behavior incidents while incarcerated.

Considering all the above reasons, the Court deems a sentence of 420 months sufficient, but no longer than necessary, to fulfill the sentences purposes of § 3553(a).

### III. CONCLUSION

For the above reasons, the Court will **GRANT** Defendant's motion for retroactive application of Amendment 715, and will **REDUCE** Defendant's life sentence to a term of imprisonment of 420 months. All other aspects of the Court's Judgment (Court File No. 142) will remain unchanged.

An Order shall follow.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**